**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION**

| | | |
|---|---|---|
| HS RESOURCES, INC., | : | |
| | : | |
| Plaintiff, | : | |
| | : | CASE NO. 1:01-CV-221 |
| v. | : | |
| | : | JUDGE RON CLARK |
| JIM WINGATE, | : | |
| | : | |
| Defendant. | : | |

## O<small>RDER ON</small> A<small>TTORNEY'S</small> F<small>EES FOR</small> P<small>OST-</small>V<small>ERDICT</small> D<small>ISCOVERY</small>

Before the court is Plaintiff's request for attorney's fees subsumed within the two Motions to Compel. *See* Doc. # 153, 154. The court held its second hearing on the matters related to post-verdict discovery and Plaintiff's security on August 4, 2005. Plaintiff alleges discovery was complicated by Defendant's less than complete responses. Plaintiff introduced seven exhibits to support its motion for attorney's fees and Defendant submitted one exhibit during the course of the hearing and later supplemented the evidence he provided to the court through a written response. *See* Doc. # 172.

After reviewing the evidence provided, the court finds that Plaintiff's attorney's fees were driven, in part, by the over-breath of its discovery requests. However, the court also finds that Defendant was less than forthcoming, neither completely responding to, nor providing specific objections to, various requests. This is particularly true after the Agreed Order was entered by this court during the first hearing on July 13, 2005. *See* Doc. # 162. That agreed order, stated that "on or before July 23, 2005, Jim R. Wingate, personally, shall provide and sign complete, responsive, sworn/verified answers to Plaintiff's Interrogatories in Aid of Judgment and a complete privilege log identifying all allegedly privileged communications by date, sender, recipient, the nature of the privilege asserted, and enough information about the communication for the court and the parties to determine whether the asserted privilege is applicable, ..." *See* Doc. # 162 at page 2. It is undisputed that Defendant failed to remedy the deficiencies in prior responses to the discovery requests, nor did he complete a privilege log in accordance with the Agreed Order of July 13, 2005.

In particular, Interrogatories 11, 12, 14, 15, 18, 21 and 22 requested identification of property of various descriptions, some of which were repetitive. Defendant's 2003 Tax Form 1040 prepared April 2, 2004 lists significant personal and movable property ownership, as does Defendant's November 20, 2004 Community Bank and Trust Confidential Financial Statement. (There also are differences between the two.) Defendant's responses to interrogatories 11, 12, 14, 15, 18, 21, and 22 failed to list the property identified in the tax return and the financial statement.

It is true that the property could have been transferred prior to the date the interrogatories were answered, but Interrogatory No. 19 asked Defendant to, "[i]dentify any transfers of personal or movable property owned by you, with a value of more than $200, since January 1, 2000, to any person." *See* Pl.'s 8/4/05 Hearing Ex. 3 at page 13. Defendant failed to account for the difference in ownership interest in his response to Plaintiff's discovery requests. *See* Pl.'s 8/4/05 Hearing Ex. 4 & Ex. 5.

Instead of listing such transactions Defendant only objected. Defendant's argument that an objection is a response, is groundless in light of the Agreed Order entered by the court. Evasive and incomplete responses are treated as a failure to respond. *See* Fed. R. Civ. P. 39(a)(3). Defendant's failure to comply with the Agreed Order and to provide the requested information was not substantially justified. Defendant's failure to comply with the terms of the Agreed Order subjects him to sanctions under Fed. R. Civ. P. 39(b) and Defendant shall be liable for a portion of Plaintiff's attorney's fees.

Plaintiff has submitted two affidavits from Mr. Kerry Kilburn testifying that "HSR's reasonable and necessary attorney's fees and expenses in this case for the prosecution of this Application for Turnover are at least $23,500.00." During the hearing Mr. Kilburn represented to the court that those fees were for the post-verdict discovery taken and reviewed to to prepare for the Application for Turnover.

The court has found Plaintiff partly responsible for the excessive post-verdict discovery. Additionally, Plaintiff's records were redacted to the point that it is impossible to determine exactly how much time was spent on what, which justifies a reduction in the fee award. *See* Pl.'s 8/4/05 Hearing Ex. 7*; Hensley v. Echerhart,* 461 U.S. 424, 437, 103 S.Ct. 1933, 1941 (1983).

Therefore, the court **ORDERS** that Plaintiff's Motions for Attorney's Fees, **Doc. # 153** and **Doc. # 154**, are **DENIED, in part and GRANTED, in part.**

**IT IS FURTHER ORDERED** that Defendant Jim R. Wingate **SHALL PAY** Plaintiff HS Resources **$12,750.00** for the reasonable and necessary attorneys fees incurred with the post-verdict discovery.

So **ORDERED** and **SIGNED** this **23** day of **August, 2005.**

_____
Ron Clark, United States District Judge